Viayra is a city in the Indian subcontinent, located in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, in the Indian subcontinent, Moreover, the rule states that a motion for a new trial must be filed within, and then it sets out the time limits. So the rule is absolutely clear that the defendant has to ask for a new trial, and he has to ask for it within a certain amount of time. Neither of the defendants here did that. If that wasn't clear enough, the commentary to the rule says, and this is a quote, A judge has no power to order a new trial on his own motion. He can act only in response to a motion timely made by a defendant. So if we agree with you based on the reading of the rules, and we, would we remand this case, and then the judge would be back in the position of looking at the Rule 29 motion? Well, I don't think so, Your Honor. Not simply. He's already denied the Rule 29 motions on the two counts on which the jury reached a verdict. I understand. And on those counts, presumably if he hadn't granted a new trial, there might have been a motion for reconsideration, for example. Do you understand my point? Well, there might be that. I don't know. So in other words, we would just put, if we accept your proposition, we put everybody back where they were. Yes. I don't, I'm not saying that they could do that. I understand. You wouldn't want to suggest they could. But they might be able to. They might be able to, yes. But what you're saying is that you can't convert the Rule 29 to a motion for new trial. If we vacate that, he still has, assuming that the oral motion was made in time and we attribute it to an oral motion, there's still the Rule 29 in front of him, in front of the trial judge. Well, it's in front of him in some sense. The judge has already ruled on it. I mean, he said he changed his mind. That happens at times. I changed my mind. We can't say that he's necessarily going to rule the same way, therefore we won't let him look at it. That's possible, and I suppose if he did that, we'd be back here arguing that. So what you're asking for us to do is to vacate his effort to change the Rule 29 into a motion for new trial. Yes. And then you have the second argument that the Rule 29 was untimely. If you lose on that, then the Rule 29 is still there and hasn't been acted upon. I'm not sure what you mean by hasn't been acted on. It has. You say that he might be able to change it. That's true. There's also the Rule 29 motions on the last three counts, which the judge has not ruled on, which presumably those would be back in front of him. Right. And that was my other question. And it kind of goes, maybe we can take the second issue, and that is, is it your position that this has to be a written motion and the oral motion is not okay? Yes. What's the support for that? Well, the way Rule 29 reads, Your Honor, it says that, excuse me, Rule 47 says motions have to be in writing unless they're during a trial or during a hearing, in which case you can make them orally. Right. This motion was made after the trial. The defendants have said, we make motions all the time during trials and hearings. We don't have time to put them in writing. That's true. But Rule 47 says that when you do have time, you have to make them orally. So just refresh this again. The trial ends at the hung jury. Well, I know we have. It's more complicated because you have to decide when the trial ends. The defendants make the motions at all the right times during the trial. Correct. They make it at the close of our evidence. They make it at the close of their evidence. And then they make it again after the jury returns its verdict. And they're in the courtroom. The jury's given its verdict. Presumably they're either excused or not excused, and then they make their motion. Well, they try to. It's our position that they don't successfully do that. But I just want to understand this. The jury has returned the verdict. We're now coming to the last part of the trial, depending on how you define trial. And they stand up, like most defendants counsel, and they say, I'd like to make a motion. And they make an oral motion based on all the grounds that previously stated. No, they don't. I mean, I have the transcript here. That's how I read the transcript. That's how I read the transcript. Well, it's not how the government reads it, Your Honor. Okay. The first thing that defense counsel says is that I'm going to renew my Rule 29 motion. I think it's important to realize that the motion that defense counsel says she's going to renew, nothing has happened in between those two times. I understand. So she says, I'm going to renew it with respect to count three. And the judge says, well, I declared a mistrial as to count three because the jury did not reach a verdict. Then she says again, I'm renewing my Rule 29 motion as to every count, which must mean just counts one and two. The court says it's more economical if you submit a written motion. It's more helpful to the court if the defense counsel would submit a written motion under Rule 29, is the direct quote, correct? Well, that's the second time. Above that in line 78. So really, though, right here she says, I renew my motion on every count. Correct. And your position is that because that motion was not made during trial or hearing, it must be in writing? And it must state the grounds, therefore. Well, you know, to me that's kind of incredible because this happens all the time where at the conclusion of trial, I don't know why this isn't a hearing if it's not trial. Why isn't it a hearing? I mean, it's a continuation of trial, is it not? Actually, I'd have to get out the rule. I believe it says, I may have misquoted it. It says during a trial or hearing. Those are the words. All right. I don't think this is during the trial. The trial at this point is over. The whole reason for this, as pointed out by the defense, is they need time. And the rule says you can make this motion within seven days and you can have as much time as you want. Just ask for it. Well, that's irrelevant to the determination of whether this is a permissible oral motion. I mean, it seems to me that we would impose a very odd rule to say that a motion made at the conclusion of the jury's verdict is not part of the trial or a hearing. Well, even if you said that, Your Honor, you have the problem that it says it must state the grounds, therefore. And the grounds, therefore, which she stated, were all of the grounds previously stated. In other words, she hasn't dreamed up any new ones, right? Well, that's not what everybody's assuming here. Everybody's assuming there's going to be a lot of new ones because they talk about ordering a transcript, trying to see what happens. And defense counsel says that she's under the impression that the motion has to be made. I think I have to do it within seven days under the rule. But then what the judge says, you know, I guess I'm just having trouble with this as a practical matter in terms of trial practice. The judge says, yeah, I'd rather have it in writing. And later on he even says, as far as he's concerned, she made the oral motion was an appropriate place checker and that she wanted to add some other stuff, well, okay, too. Let me phrase this as a practical question. If the court's suggestion is accepted, then all any defense counsel has to do is as soon as the jury comes back say, I want to make a Rule of 29 motion. That means that at any time, all the way up until the sentence is entered, for any reason, they can file something. There's no sense to having a seven-day rule. Was there an objection made by the government to the Rule of 29 oral motion? No. Not then. Later. Not then. So then we have the judge saying words that would be helpful if you'd file something in writing, which they agreed to do later. Then we have to look and see, what did the judge intend at that time? Did the judge intend to accept this as an unobjected to oral motion for Rule 29? Well, we look into the record, and then we find in the record that in the clerk's note it says Rule 29 motion made. So we have before us pretty good intent that the district judge accepted the Rule 29 oral motion unobjected to by the government and gave the individual time to supplement with written materials. Wouldn't that be the logical interpretation of what happened at that time? I don't think that, first of all, the note that the clerk makes, I don't even know that the judges in the Eastern District see that. They're written by the clerks. Don't think the judge what? Even sees those. Those are the clerk's minutes. The clerk writes them. Clerk's minutes are the clerk's minutes. They're the best thing we have. No, the best thing we have is this transcript, I think, Your Honor. And what the judge says. Yeah, well, the judge says it in the transcript. You say there's no, I mean, to me this is really, I'm amazed the government is arguing this. You've got, you know, certainly a legitimate argument on the Rule 29 and 33. But the reason there's seven days is obvious. Maybe you'd go out and talk to your client and you'd then decide whether to move for a new trial or not and whether to have a combination motion or whether to have new grounds for a Rule 29 motion. There's a lot of reasons that you might want seven days, but you don't have to take seven days. Why would you ever take it when you don't have to state any grounds for it? That goes to a second point. That goes to the second point. If the oral motion is sufficient to lodge a Rule 29 motion at the end of trial, is it sufficient to, in effect, incorporate by reference or is it not? That's, to me, a segregable question. So now I guess I'd like you to address that. And that is why, in your view, is it not appropriate in making a motion to say, I make it on the same grounds I previously made the motion. That isn't sufficient. Well, I suppose if that happened, if you say, first of all, on the grounds part of Rule 47, if you say I'm making a motion for judgment of acquittal, I'm making it on the same grounds, by the way, Judge, that you just denied it on, and by that you mean that you're not going to be able to raise any more grounds unless you raise them within seven days, then perhaps you could do that. I don't think that's what happened here. Why would anyone make the same motion, talk about getting transcripts, when the judge has just very recently denied that exact same motion? You must be contemplating. People make, judges deny motions all the time, and time and again the lawyer stands up and you even make the same objections for, you know, I mean, you're preserving your situation. Lawyers stand up and make the same objection. Judge makes the same ruling. And sometimes, like Judge Wallace said, judges change their mind. And so I don't think it's frivolous. The question you're saying is, well, why would she do that if she could do something else? That seems to me to not be an answer to the legal issue, and that is, was it legally sufficient to say on these grounds? Now, if the person, for example, had stood up earlier and said, I make a Rule 29 motion, the judge says denied, and the person didn't state any grounds, then we'd be in a different situation. But there were actually stated grounds were there not previously? Previously there were. Okay. And there's no statement here that it's on the same grounds, just that it's being renewed. And the court eventually acted on that too, correct? Correct. The court eventually acted on those and said that the court felt that for Rule 29 purposes that the evidence was sufficient, right? Correct. So, I mean, essentially the court's going to be fairly hard-pressed to say, well, now I find that since the standard under Rule 33 is different than Rule 29, that the court obviously was considerably more comfortable than the Rule 33 standard where you could rewrite the credibility and you had wider latitude, and under Rule 29 where you have to view the evidence most favorable to the government. I mean, the court's now, I mean, if you went on the first issue, then the judge is going to be in a position to say, well, now I decide that the evidence isn't sufficient. So it's... I have the feeling that on this second issue I'm just arguing with the court, and I would like to say something about the third one. And that's the mistrial? Well, assuming that the judge had the power to consider the new trial motion, whether or not he properly granted it, and our position is that he did not, that it's fundamental to the way we run our trials that juries decide things. The juries decide facts, they decide the inferences, they decide credibilities. Judges don't get to decide that. They get to decide there's not enough evidence. The judge decided there was enough evidence here. But in doing that, the judge has to assume that the jury has decided all of those things correctly. If you clear away, I think, all of the underbrush here of the judge's opinion, at the end he says, if I have to assume all of the facts, as I do under Rule 29 motion, the government wins. However, if I, the district court judge, get to reweigh all of those things, then I think this is a wrong decision. Can I ask you, just because it wasn't clear to me from what I had, that the judge basically uses the miscarriage of justice words, I think, in terms of, and says something about instructional error, but I'm not seeing any complaints about any instructional error here. I don't see any instructional error in here, Your Honor. I think the only things that if you read the judge's decision, the only things he complains about are the jury's rejection of the defendant's statements, their excuses, which they clearly did, and the inferences you draw from the facts. Apart from the defendant's testimony, there wasn't any dispute about the facts. The defendant's brief says that. The things the judge does and that the defendants do in their brief is they lay out all these undisputed facts, and then they draw a completely different set of inferences from those than the jury does. And they accept the defendant's story. Well, it's our position that a judge can grant a new trial, take it away from this jury, only if there's something that's in the judge's purview that's wrong with this trial. In all the cases that we have found and that the defense cites to, the judge may have disagreed about the weighing of the evidence, but there's something that the judge feels that he did not do quite right. It may not be reversible, but he should have done better. In both Alston and Kellington, there are things like, you know, I gave an acceptable set of instructions, but they weren't good enough. I want to give a different set. I don't think it was fair. Did the judge say something about instructions here? Yes, yes. In Kellington? And that if we could do this again, I would change that. I would change the instructions. So you do have that here. Well, in this one, I don't know what instruction is going to get changed. But he did say that. Didn't the judge say that? That's what I recall. I don't remember that, Your Honor. It's possible. I don't remember that statement. There is a possibility, by the way, that the instructions would change. The government assumed the burden of proof against duress on this, and if there is a retrial, it may be that we would no longer do that. We did it. I don't know if the court understands why, but it was because the instructions dividing it all up would have been so complicated, we didn't think the jury could understand it. But in the face of this ruling, if we have to retry this case. It just makes it a little harder for us when on a motion for a new trial, the court can weigh the evidence and evaluate itself the credibility of the witnesses, right? It says that. And then there was somewhere in the record that I recall seeing where the judge did make some statement about the instructions and that he would do the instructions differently in a new trial, and that would. So I see it as a steeper hill for you to climb on the motion for the new trial than it is while you already essentially ruled on the 29. I'm looking, Your Honor, just at the conclusion to the court's published order, and I don't see anything about that. I'm not saying that you haven't correctly spotted it, but I don't see anything there and I don't remember anything in the order itself. Okay. Well, I guess it's mentioned in. I don't recall anything in the defendant's brief. I'm just looking at my notes here. Opening brief, page 27, and that this court went out of its way to note that a new trial would give the district court an opportunity to correct the problem. Reply brief, page 8. I would like to point out one thing here, is that by our count six circuits adhere to the rule that a judge, and they're all in the brief, Kuzny, Arkays, Klein, Cox, Garcia, Marshall, all of those, adhere to the rule that a judge, and one of them, two of them, excuse me, referred to as axiomatic, that mere conflicting testimony, issues as to the credibility of witnesses, are not in themselves sufficient for a new trial. And that's what we think happened here. Do you want to save some time for rebuttal? Thank you. May it please the Court, good morning. My name is Kyra Marks, and I'm here on behalf of the appellees, Mr. Vieira and Mr. Guerra, and I'll be arguing for both of them today. It seems to me that in light of the rules, the clear rules on whether a judge can sua sponte grant a new trial, and the commentary that we don't have a lot of leeway there other than to reverse, I haven't seen anything that would give the judge that authority, unless there's something different that you could point us to. There are two things, Judge McHugh, and the first one is that it bears repeating that there is nothing in the rules that precludes the Court from making a sua sponte conversion. And I want to point out the district court here didn't simply willy-nilly say, you lose on the Rule 29, so let's entertain a Rule 33. Instead, the district court promulgated a very specific, rigorous test, by which it could conclude that in the interest of justice, a new trial was necessary. And the test is the position that Taylor Court took in the Sixth Circuit, and I assume that what you're saying is that we should follow Taylor. Not only did Taylor do it in the Sixth Circuit, Your Honor, but it was also done in a court that is a Ninth Circuit court, in the case of Riccio-Jimenez. But in that case, did they actually, they didn't, they suggested there that the defendant must move for a new trial. It's not definitive, but they don't really address the question head-on, do they? Well, actually, interestingly enough, the information that one of the defendant's Rule 29 motions was sua sponte converted into a Rule 33 motion doesn't come until the defense. But it's not an opinion of the defense. It's a fact that one of the defendants in that case, one of that defendant's attorneys failed to make a Rule 33. Right. But that doesn't make it proper under the rules. In other words, the fact that something happened in a trial has no precedential value for us. Well, I think, so I guess, how do you get around the commentary that makes it pretty clear the reason we amended the rules in 1966 was so they can't do this? Two ways. All right. First, I don't want to make Resio a dead horse that I batter even deader, but I do want to say this. I think that if this Court is faced with a situation like in Resio where it sees that a district court has gone ahead and made the sua sponte gesture to convert a Rule 29 into a Rule 33 when the Rule 33 wasn't made, I could be wrong about this, but I think the Ninth Circuit would have had some sort of obligation to point that out if that were an error of law, even though it wasn't raised as an issue. I don't think the Court would have an obligation because it wouldn't be jurisdictional. So, in other words, we have a lot of things that are in cases that happen, but the fact that they happened or are reported doesn't necessarily make them precedential, you know, only if it's jurisdictional. And even then, the courts have said we can't have drive-by jurisdiction. In other words, the fact that we even heard a case doesn't even mean that we send the attribution. So it seems the same principle would apply here. My point is back to that commentary in the rules. And that's where I'm headed second. I think the more intelligent answer to your question is this. The Court here needs to look at the purpose for the commentary behind the rules and the purpose for the amendment. And the purpose for the commentary that you are pointing out, Judge McKeown, is to protect the defendant from the risk of double jeopardy. The rule was amended in the way that you are inquiring about, specifically so that a district court couldn't order a new trial against the defendant's wishes, so that the defendant would be the person who is now subject to a second trial without his consent, essentially. The government doesn't run the risk of double jeopardy. It was the defendant that the rule was trying to protect. Does it say that specifically? Oh, I think it does say that specifically, yes. But it doesn't. Oh, it definitely does. It says it was done for double jeopardy reasons. But would that mean the rule would then be, well, the judge can't sui sponte, order a new trial over the objection of the defendant? I think so. And the analogy that I can make to that is to the 2255 situation, where the courts, a motion for a new trial has tantamount, has converted it, or there's a term of art for it that I'll get into. But we've converted some petitions, and then we have a second successive petition. They say, well, you can't do that because you've basically pulled the rug out from under the defendant in that case. But there's case law that says that with the defendant's consent and with notice to the defendant, you can do that. And the reason that you can do it is because the defendant is, in essence, waiving his right to be subject to all of the strictures of the later 2255 petitions. It's the same thing here. We waive our right to claim double jeopardy when we accept Judge Damrell's new trial order. Can I ask you a question about that? In other words, you had seven days to decide strategically whether to do this or not.  In other words, under your scenario, only if the judge ruled in your favor would you, of course, quote, accept it. And if he ordered a new trial and you didn't want it, you know, then you could reject it. So obviously if it's in your favor, and he's already told you he doesn't like your Rule 29 motion quite enough, that seems like an odd rule to me. In other words, you get to wait until the answer to determine whether or not you accept the new trial suggestion. Well, I'm not so sure the rule already doesn't provide for some kind of selective strategizing. The fact is that it is the defendant who has the right to double jeopardy, just like it's the 2255 petitioner who has the right to give up any claims that he's faulted on his petition or that he's in trouble with a successive petition. The law does allow a criminal defendant some leeway when it comes to making choices about how he's going to proceed. For instance, Your Honor, this is just a strategic for instance that came to my mind. The government didn't move for reconsideration of Judge Damrell's order.  But now it appears complaining about it. That's no different, I think, or very little different from what you're suggesting to me that if we like the results of how our cases go, we're going to accept them. And if we don't, we're going to end up in front of you telling you that we don't. Except if it's jurisdictional or if you just can't do it. And all that you agree to doesn't make any difference. I mean, it's like time to appeal.  It doesn't matter what you agreed, right? That's right. If it's jurisdictional, we can't. Right. So I think maybe what you're getting at is that it doesn't matter if the government objected to it or not because the seven-day limit may be a jurisdictional one. That very well makes sense. I can't argue the government agrees. Or if you can't convert it, the fact that you didn't object, if the judge did not have authority to convert to a Rule 33, then all the amount of objecting or not objecting doesn't really matter, does it? No, it doesn't if the judge didn't have authority. Certainly not if the judge didn't have authority. The question is if he doesn't have authority. The reason that he doesn't have authority is because he might implicate the defendant's double jeopardy concerns. So it seems to me that the rule that when they amended it really was amended neutrally. In other words, he doesn't have the authority. This may be the reason that we're doing it, but it didn't say he has the authority if you consent and he doesn't have the authority if you don't consent. It seems axiomatic that if the judge — I don't think the rule would have to say that because, as you yourself pointed out, if the judge ordered a new trial over the objection of the defendant, the defendant would object. So, I mean, anybody can object to anything. And if the objection isn't well-founded, then one of you or one of them, the other judges, is going to tell us. But it seems somewhat axiomatic that one doesn't need permission to object. And, in fact, the cases that are similar in the 2255 context require notice to the defendant by the court that we are going to treat this as a 2255, and if we do, you're going to be subject to certain strictures in the future. And the defendant in that case, in those instances, does get to say, no, no, no, I don't want to be treated like a habeas petitioner because I'm not willing to undergo that risk. You know, that's the way the case came out here. And it, to me, defies logic, really, to say, to hold that form is so much more important than substance that a district court with years of experience and a lot of discretion couldn't promulgate the kind of test that the district court did here, which is so carefully crafted and so specific in its parameters. Really, you know what, Your Honors, this is a pretty unusual case. I know. I mean, I have a lot of sympathy because I think he was trying to do the right thing, in his view, and that was the thing he thought he had the leeway to do. So, you know, when I look at that vis-a-vis your clients, I have a huge amount of sympathy trying to figure out, well, can he do this? The difficulty I have then is I keep going back to the rule because he does, I just don't see where his authority comes from to do this. There's another angle to look at from this that you could fix this problem that I created, because, of course, you know I'm the she who's in, who you mentioned, who sort of bossed this up. In the Riccio case, you did this, and it was something pretty unusual. The attorney in that case failed to make the Rule 29 motion. It was converted to a Rule 33 motion, and there was another attorney who didn't make any motion at all, and the court went ahead and made an unusual finding, which was that there was enough in the record to permit a finding that that was ineffective assistance of counsel, which, of course, is where we're going to end up, I should add, if you don't affirm Judge Damrell below. Obviously, I'm the one. I fall on the sword on not making the rule. Well, we're not happy about either ruling. You know, I mean, it's not that we're trying to move to that ruling because that doesn't give us any pleasure, of course. Of course not. Let me ask you about your argument is of letting the trial court do justice, regardless of what the attorneys do, is that the attorney is in the best position to know the case, and it may be that an attorney would say, I got my best evidence in. A new trial, I may be killed. I don't want a new trial. I want another shot at a Rule 29 if I don't make it. Things are going to be worse the next time. So we say, and the judge, looking back over the thing, thinks he'll do justice by granting a new trial. I'm not sure the rules should allow him to do things that the counsel haven't asked for. Why should we have this chancellor's foot on a district court judge to do things in excess of the rules when the rules may be for the best interest of the defendant in a given situation? I suppose it does depend on the situation, and that is one of the things about this case, that it doesn't seem like it's going to have a lot on lots of presidential value, because it is a sort of a unique situation. The government undertaking the burden of proof and then having to disprove elements beyond a reasonable doubt, when combined with the court's responsibility to view the evidence in the light most favorable to the government, it was probably somewhat confusing and makes this case sort of idiosyncratic. But to give you a more direct answer, Judge Wallace, I think that if you reverse your question, the other lens of the case, why should you bridle a district judge from exercising discretion that isn't precluded anywhere in the rules? Judge Damrell was there. The district court heard the evidence. The district court saw all of the pretrial pleadings, and there were plenty of them, saw all of the during trial pleadings, and there were plenty of those. That's the issue, is whether the district judge precluded from turning a 29 into a 33. It goes on whether that which is permitted is not precluded or that which is precluded is not precluded. Right. Yes. Which end of the glass you come from. And I did want to just say that you could go ahead, if the court is not comfortable allowing a district court to do that, although the court in Taylor, a different circuit, did do that, and it's been done in the Ninth Circuit, then you could go ahead and find that my failure to make the Rule 33 motion was ineffective. I concede that it was, and there's probably enough evidence in the record for you to remand it for a new trial on that basis, because I'm thinking we're going to get there anyway. Well, but it's easy to concede that when you already know what the judge would do. I mean, that's really not what you were presented with. Let me ask you the more difficult question from your perspective. Why isn't this like what the government said, a situation where a jury heard the evidence, there were not errors in terms of, and the jury reached a different verdict than the judge would have, say, if it had been a bench trial? That, you know, I think all judges have sat in trials, and you wonder if you heard the same trial that the jury heard, because they reach a different verdict. But when you look at it, you say, well, there isn't really anything that they did wrong. That is one way that you could go. I would have gone the other way. Why isn't it that situation? I can address that this way, Your Honor, and it's very clear from the district court's repeated questions of the prosecutor during and after the trial that the district court got hung up on and found that the jury really didn't absorb correctly the fact that the government undertook the burden of proof. And Judge Damrell repeatedly, over and over and over, queries the prosecutor, and the queries aren't about simply the facts. Judge Damrell's queries are very well honed, and the queries are, where did you disprove escapability beyond a reasonable doubt? Show me, where did the government prove that there was not a well-grounded fear beyond a reasonable doubt? All of Judge Damrell's questions to the prosecutor. But then why not grant the Rule 29 motion? If there's no evidence of it, then that's what you do. But the judge didn't do that. That's the problematic part about this. That the judge didn't grant the Rule 29 motion. Well, if what you're saying is, if you look at those questions and you say, where did you do this? I see absolutely nothing of this. Well, my understanding would be, then, if the government didn't meet its burden there, then the court could have granted the Rule 29 motion. Well, I, of course, don't disagree with that, and, of course, I think the court should have. I know. But I think what I was trying to do is explain, I think the government has oversimplified the district court's view of the trial. The government today told you, look, the jury heard the facts, the judge heard the facts, we should go with the jury. And said that in all of the cases, it's something more than just plain, simple facts that lead the judge to do what this judge did. And I'm trying to respond to that, perhaps not very articulately, by pointing out that, really, these facts weren't so plain and simple because the government's inability to do this, and to undertake the burden of proof, to disprove elements beyond a reasonable doubt that it had the burden in the first place of producing, created a very confusing anomaly, and I think without it, the result may have been different. But the fact is, we do have it here, and the district court's analysis did focus on the government's inability or, I shouldn't say inability, because, as you pointed out, it didn't grant the Rule of 29, but on defects in the government's proof that all went to its shouldering that burden of proof. And that takes it out of the simple cline context where courts have held it simple facts, the jury can handle them, to something a little bit more abstract, something a little bit more ambiguous, and something that is intellectually certainly more difficult than simply finding facts beyond a reasonable doubt. Let me ask you on your cross-appeal, just if I understand that. Let's just assume that the new trial was improper, and so it got remanded, and then on those counts, you're kind of back at, he's just ruled on the Rule of 29 motion, and then you do whatever you do. Right. Wouldn't he then rule on those other remaining motions? He would. In other words, he didn't have, he thought he was divested of jurisdiction under the traditional rule of once it goes up, my hands are washed. So I'm not quite sure what the cross-appeal is. Well, to tell you the truth, I'm a little confused about it also. But here's, I think you're right. But what happened was we, it was simply the order of things. So we filed the cross, Judge Damrell held it. Was it sort of a placeholder just in case there was some problem? Yes. Okay. Yes, I think that's exactly what it was.  Do you want me to speak at all about the government's position that our Rule 29 that was verbal wasn't during court or during a hearing? Because I have 45 seconds to tell us. Then I better tell you that I don't agree with that at all. And that we're in court, and it's two seconds after a jury verdict, and that is certainly a hearing. That is a post-trial hearing, and I can't imagine what the government really thinks we're doing. What is it? If it's not a trial and not a hearing, then how would you classify that? But I think I sense this court's really more struggling with the conversion issue. And I will close by saying that Judge Damrell is, the district court was not explicitly precluded from doing what this district court did. And also that this case is somewhat set apart, and I think this goes to your question, Judge Callahan, because Judge Damrell did find that a miscarriage of justice had occurred and didn't simply order a new trial under other rubrics, if that's the word, but found that in this very unusual case that a miscarriage of justice had occurred. And I don't think the finding should be disturbed because the court isn't going to see very many cases of this unusual depth. And with that, I will be quiet. Thank you very much. Thank you. We have a little bit of time left, Mr. Flynn, if you need it. I have one question for you. Yes, Your Honor. We have some cases that say that when we have not decided an issue and another circuit has, that unless there's a very good reason, in the interest of uniformity, we should follow that other circuit. Why would you argue that we shouldn't do so in the case of Taylor and the Sixth Circuit? I don't – I think it's explained in the brief, Your Honor. I don't think it stands for the position that the defense says it does. It contains no discussion of any of the rules. Neither party really took a position on it. But the point is one of uniformity, which you haven't touched on in your brief. Why should we not, because we haven't decided, why shouldn't we just follow Taylor? Well, I think I said in our brief that the statement in Taylor is dictum, and therefore there's nothing to follow. It was the defendant who raised this in Taylor, not the government. The defendant was the one who was objecting to the new trial motion and was not the government. And both of them were referring more to the timeliness of it rather than this conversion issue. I don't think the conversion issue was really addressed or really an issue in that case. It was just a question of timeliness. And so I don't think there's any – I have your answer. Thank you. All right, thank you. I appreciate also your candor. We don't – you know, the court appreciates it. Not everybody comes in and kind of lays things out as honestly and clearly. So we appreciate that. And the case of United States v. BRI is submitted. All right, we'll hear the last case for argument, Johnson v. Canberra. Thank you.
judges: Wallace, McKeown, Callahan